UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ALBERTA NEAL FOR AND ON BEHALF OF THE
ESTATE OF MINNIE WOODS, DECEASED AND
FOR AND ON BEHALF OF THE WRONGFUL
DEATH BENEFICIARIES OF MINNIE WOODS,
DECEASED                                                                                    PLAINTIFFS

V.                                                     CIVIL ACTION NO. 4:16cv020-DMB-JMV

CLARKSDALE HMA, LLC d/b/a NORTHWEST
MISSISSIPPI REGIONAL MEDICAL CENTER
d/b/a MERIT HEALTH NORTHWEST MISSISSIPPI,
MS SHELBY, LLC d/b/a SHELBY HEALTH AND
REHABILITATION CENTER and
JOHN AND JANE DOES I-X                                                          DEFENDANTS

## NOTICE OF REMOVAL

COME NOW, Defendant, Clarksdale HMA, LLC, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby gives notice of the removal of this civil action from the Circuit Court of Coahoma County, Mississippi, to the United States District Court for the Northern District of Mississippi, Greenville Division. The following is a short and plain statement of the grounds for removal:

1.

The Court has jurisdiction over the subject matter of this action under 28 U,S,C, § 1332(a)(1). Removal is permitted under 28 U.S.C. §§ 1441 and 1446.

2.

On November 11, 2015, Plaintiff, Alberta Neal, for and on behalf of the Estate of Minnie Woods, Deceased and for and on behalf of the wrongful death beneficiaries of Minnie Woods, Deceased filed a Complaint in the Circuit Court of Coahoma County, Mississippi, styled "*Alberta Neal for and on behalf of the Estate of Minnie Woods,*

- 2 -

*Deceased and for and on behalf of the wrongful death beneficiaries of Minnie Woods, Deceased v. Clarksdale HMA, LLC d/b/a Northwest Mississippi Regional Medical Center d/b/a Merit Health Northwest Mississippi, MS Shelby, LLC d/b/a Shelby Health and Rehabilitation Center, and John and Jane Does I-X*," Civil Action No 14-CI-15-0116. (Exhibit "A")  In the Complaint, the Plaintiff seeks damages against the Defendants for medical negligence during Minnie Woods' admission at the respective facilities in late 2013.  (Id.)

3.

The United States District Court for the Northern District of Mississippi, Greenville Division is the district and division embracing the place in which the action is pending. 28 U.S.C. § 104(b)(1).

4.

Complete diversity of citizenship exists between the Plaintiff and all properly joined and served Defendants.

    A.    The Plaintiff is a citizen of the State of Mississippi.  (Exhibit "A" ¶ 1)

    B.    Defendant Clarksdale HMA, LLC is a citizen of both Delaware and Tennessee.

              i.    Defendant Clarksdale HMA, LLC's sole member is Mississippi HMA Holdings, LLC.  Mississippi HMA Holdings II, LLC's members are Health Management Associates LP and HMA Hospitals Holdings LP.

              ii    Health Management Associations LP's partners are Health Management Associates Inc. and Health Management General Partner LLC.  Likewise, HMA Hospitals Holdings

      LP's partners are Health Management Associates Inc. and Health Management General Partner LLC.

  iii  Health Management General Partner LLC's sole member is Health Management Associates Inc.

  iv.  Health Management Associates Inc. is a Delaware corporation with its principal place of business located in Franklin, Tennessee.

  Therefore, Defendant Clarksdale HMA LLC is considered a citizen of both Delaware and Tennessee.

C.  The undersigned is informed and believes that Defendant MS Shelby, LLC d/b/a Shelby Health and Rehabilitation Center is a Delaware limited liability company, with is principal place of business in Florida and has no Mississippi principals. Consequently, it is a non-resident of Mississippi for diversity purposes.

5.

The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

  A.  Although the Complaint does not state a specific sum of damages Plaintiff is seeking, it is nevertheless factually apparent that the amount in controversy is satisfied. The Plaintiff specifically alleges that "the negligence, actions or inactions and/or omission of the Defendants were the proximate cause of Ms. Woods' death" and seeks "wrongful death damages available under Mississippi law." Id. at ¶ 20, 21.

- 3 -

    B.      Plaintiff further states that because of the alleged negligence, damages were incurred for:

          a.      Pain and suffering of Minnie Woods;

          b.      Bodily injury of Minnie Woods;

          c.      Medical and hospital expenses;

          d.      Mental and emotional distress of Minnie Woods;

          e.      All other damages allowed by the laws of the State of Mississippi. Id. at ¶ 22.

These allegations suffice to establish an amount in controversy in excess of $75,000.00.

    C.      As a result of the alleged negligence, the Plaintiff claims to have suffered damages for past, present and future severe permanent and disabling injuries; physical pain and suffering; mental and emotional anguish; lost wages and wage earning capacity; doctor, hospital, drug and medical expenses; disfigurement; and loss of enjoyment of life. Id at 22.

These allegations suffice to establish an amount in controversy in excess of $75,000.00.

6.

The Notice of Removal is timely under 28 U.S.C. §1446(b)(1) because it is filed within thirty days of Defendants' receipt of a copy of the Complaint.

7.

In accordance with 28 U.S.C. § 1446(b)(2)(A), all other defendants properly joined and served in the state-court action have joined in or consented to removal.

(Exhibit "B")  Under 28 U.S.C. § 1446(b)(2)(C), previously-served MS Shelby, LLC d/b/a Shelby Health and Rehabilitation Center has properly consented to removal.

8.

In accordance with 28 U.S.C. § 1446(d), written notice of this Notice of Removal is being provided to Plaintiff, and a copy of this Notice of Removal is being filed with the Clerk of the state court in which the action was originally filed.

WHEREFORE, Defendant, Clarksdale HMA, LLC files this Notice of Removal and hereby remove this civil action to the United States District Court for the Northern District of Mississippi, Greenville Division.  The case shall proceed no further in state court unless or until it is remanded by order of said United States District Court.

THIS, the 29th day of January, 2016.

                Respectfully submitted,

                CLARKSDALE HMA, LLC, DEFENDANT


                BY:  /s/ Stephen P. Kruger
                        STEPHEN P. KRUGER
                        JOHN W. CHAPMAN

OF COUNSEL:

STEPHEN P. KRUGER – MSB # 4266
JOHN W. CHAPMAN – MSB # 5961
PAGE, KRUGER & HOLLAND, P.A.
10 Canebrake Blvd., Suite 200 [39232-2215]
Post Office Box 1163
Jackson, Mississippi  39215-1163
TELEPHONE: 601-420-0333
FACSIMILE:   601-420-0033
E-MAIL:  skruger@pagekruger.com
         jchapman@pagekruger.com

## **CERTIFICATE OF SERVICE**

I, STEPHEN P. KRUGER / JOHN W. CHAPMAN, counsel for Defendant, Clarksdale HMA, LLC, do hereby certify that I have this day mailed, by United States Mail, a true and correct copy of the above and foregoing to:

>John F. Hawkins, Esq.
>Edward Gibson, Esq.
>Hawkins Gibson, PLLC
>P.O. Box 24627
>Jackson, MS  39225-4627
>**ATTORNEYS FOR PLAINTIFFS**
>
>Lynda C. Carter, Esq.
>Wise Carter Child & Caraway
>1105 30th Ave., Ste. 300
>Gulfport, MS 39501-1817
>**ATTORNEY FOR MS SHELBY, LLC D/B/A**
>**SHELBY HEALTH AND REHABILITATION CENTER**

THIS, the 29th day of January, 2016.

>>/s/ Stephen P. Kruger
>>STEPHEN P. KRUGER
>>JOHN W. CHAPMAN