IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ALBERTA NEAL FOR AND ON BEHALF
OF THE ESTATE OF MINNIE WOODS,
DECEASED AND FOR AND ON BEHALF
OF THE WRONGFUL DEATH BENEFICIARIES
OF MINNIE WOODS, DECEASED                                               PLAINTIFFS

VS.                                    CIVIL ACTION NO.: 4:16-CV-20-MPM-JMV

CLARKSDALE HMA, LLC d/b/a NORTHWEST
MISSISSIPPI REGIONAL MEDICAL CENTER
d/b/a MERIT HEALTH NORTHWEST
MISSISSIPPI, MS SHELBY, LLC d/b/a SHELBY
HEALTH AND REHABILITATION CENTER and
JOHN AND JANE DOES I-X                                                  DEFENDANTS

## REPORT AND RECOMMENDATIONS

This matter is before the Court *sua sponte* for consideration of remand.

*Background*

On January 29, 2016, Defendant, Clarksdale HMA, LLC ("Clarksdale HMA") filed a Notice of Removal [1] in this action, indicating the case had been removed from the Circuit Court of Coahoma County, Mississippi. The Notice of Removal asserted this Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and that it was removed pursuant to 28 U.S.C. §§ 1441 and 1446. The Notice of Removal alleged there is "[c]omplete diversity of citizenship . . . between the Plaintiff and all properly joined and served Defendants." It further alleged the following:

    A. The Plaintiff is a citizen of the State of Mississippi. (Exhibit "A" ¶ 1)

    B. Defendant Clarksdale HMA, LLC is a citizen of both Delaware and
    Tennessee.

    i. Defendant Clarksdale HMA, LLC's sole member is Mississippi HMA
    Holdings, LLC. Mississippi HMA Holdings II, LLC's members are Health

Management Associates LP and HMA Hospitals Holdings LP.

ii. Health Management Associations LP's partners are Health Management Associates Inc. and Health Management General Partner LLC. Likewise, HMA Hospitals Holdings LP's partners are Health Management Associates Inc. and Health Management General Partner LLC.

iii. Health Management General Partner LLC's sole member is Health Management Associates Inc.

iv. Health Management Associates Inc. is a Delaware corporation with its principal place of business located in Franklin, Tennessee.
Therefore, Defendant Clarksdale HMA LLC is considered a citizen of both Delaware and Tennessee.

C. The undersigned is informed and believes that Defendant MS Shelby, LLC d/b/a Shelby Health and Rehabilitation Center is a Delaware limited liability company, with is principal place of business in Florida and has no Mississippi principals. Consequently, it is a non-resident of Mississippi for diversity purposes.

By Order [3] dated February 1, 2016, the undersigned determined the Notice of Removal did not adequately identify the citizenship of the parties for diversity jurisdiction purposes. Particularly, the Court pointed out that the Notice failed to fully flesh out the citizenship of the members of Defendant MS Shelby, LLC d/b/a Shelby Health and Rehabilitation Center and that from the face of the Notice it does not appear that this Court has subject matter jurisdiction. Defendants were granted 7 days to file a statement outlining the appropriate states of citizenship necessary to establish complete diversity. Defendants were warned that failure to do so would result in dismissal of this case for lack of subject matter jurisdiction.

On February 8, 2016, MS Shelby filed a Response [8] to the Court's February 1 Order. Therein, MS Shelby made the following statement:

1. Pursuant to *Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008),* a limited liability company's citizenship is determined by the citizenship of its members. MS Shelby, LLC's ultimate parent is PAH II, LLC, a Delaware limited liability company. MS Shelby, LLC has no incorporated members nor does PAH, II, LLC. The members of PAH II, LLC are citizens of New York.

2. Between MS Shelby, LLC and PAH II, LLC, there are limited liability companies, including Pensacola Administrative Holdings, LLC, solely owned by other limited liability companies, with no incorporated members and no individual members until PAH II, LLC.

    3. The parent of Pensacola Administrative Holdings, LLC is PAH II, LLC.

4. Thus, pursuant to *Harvey v. Grey Wolf Drilling Co.,* the citizenship of MS Shelby, LLC is New York.

MS Shelby ultimately indicated that if identification of "the members" were ordered, it requests that "such identification be placed under seal, or in the alternative, under the terms of a protective order, to protect the members' privacy, to protect private and confidential information, and for proprietary purposes."

In its Response [9] to the Court's February 1 Order, Clarksdale HMA stated:

1. Per documents within the Mississippi Secretary of State's Office, MS Shelby, LLC is a Delaware limited liability company which maintains a principal place of business in Florida. The sole Member of MS Shelby is Gulf Coast Facilities, LLC.

2. Per documents within the Mississippi Secretary of States Office, Gulf Coast Facilities, LLC is a Delaware limited liability company which maintains a principal place of business in New York. The two registered Members of Gulf Coast Facilities are Gulf Coast Health Care, LLC and GCH Management Services, LLC.

3. Per documents within the Mississippi Secretary of State's Office, Gulf Coast Health Care, LLC is a Delaware limited liability company which maintains a principal place of business in New York. The sole Member of Gulf Coast Health Care is Gulf Coast Health Care Holdings, LLC.

4. Per documents within the Florida Secretary of State's Office, GCH Management Services, LLC is a Delaware limited liability company which maintains a principal place of business in Florida. The sole Member of GCH Management Services is Pensacola Administrative Services, LLC.

5. Per documents within the Florida Secretary of State's Office, Pensacola Administrative Services, LLC is a Delaware limited liability company which maintains a principal place of business in Florida. The sole Member of Pensacola Administrative Services is Pensacola Administrative Holdings, LLC.

6. Per documents within the Delaware Secretary of State's Office, both Gulf Coast Health Care Holdings, LLC and Pensacola Administrative Holdings, LLC are Delaware limited liability companies. The specific membership(s) of Coast Health Care Holdings and Pensacola Administrative Holdings is/are not available to Clarksdale HMA without discovery or a disclosure from MS Shelby.

7. However, based upon the affirmative representation of MS Shelby in its separate Response: **[1]** the parent of Pensacola Administrative Holdings, LLC is PAH II, LLC. **[2]** the ultimate parent of Gulf Coast Health Care Holdings, LLC is PAH II, LLC. Between Gulf Coast Health Care Holdings and PAH II, there are limited liability companies, solely owned by other limited liability companies, with no incorporated members and no individual members until PAH II ; **[3]** PAH II has no incorporated members*;* **[4]** the members of PAH II are individual citizens of New York. Consequently, the citizenship of MS Shelby, LLC is New York.

By Order [10] dated February 10 the undersigned found Defendants' responses were insufficient. The Court pointed out that MS Shelby's members had not been adequately identified and it did not appear from the face of the Notice of Removal or any response to the Show Cause Order that this Court has subject matter jurisdiction. Defendants were granted 5 days to file an adequately supported motion to seal or motion for protective order. Defendants were warned failure to comply with that Order would result in dismissal of the case for lack of subject matter jurisdiction.

In a response [11] filed February 16, MS Shelby stated it had "approached PAH II, LLC, a non-party to this litigation and a five times removed entity from MS Shelby, LLC, and has been notified that PAH II, LLC will not agree to disclosure of the identities of its individual members based upon concerns that the disclosures would become a 'vehicle for improper purpose.'" According to MS Shelby, the members of PAH II, LLC desire to keep their business private and confidential and further assert, *inter alia,* that it is not a public corporation and the members of the LLC are not required to be publicly disclosed. Ultimately, MS Shelby announced it was withdrawing its Consent to Removal [1, Exh. B] and requested that this action be dismissed.

4

In its response [12] to the February 10 Order, Clarksdale HMA stated that in light of MS Shelby's new position, it had no way of providing the Court with any additional information regarding diversity of citizenship "without the assistance of a Court order requiring that information or allowing [it] to conduct discovery. . . ." Clarksdale further argued that MS Shelby should not be allowed to withdraw its consent and requested either "an order compelling MS Shelby to identify the individual members of PAH II, LLC, its parent company, and/or allow[] [it, Clarksdale HMA,] to conduct discovery to identify said individuals as such relief would establish that the individual members of PAH II, LLC were citizens of New York. . . ."

By Oral Order given on March 8, the undersigned requested briefing from the defendants on the issue of the propriety of this Court compelling disclosure from MS Shelby of information regarding the members of PAH II, LLC and/or allowing Clarksdale HMA to conduct jurisdictional discovery to identify said members. I also asked the parties to present argument and legal authority regarding any right of MS Shelby to withdraw its consent to removal. Defendants filed their respective briefs [22, 23] on March 15. The undersigned has considered the additional briefing of the parties, the record, and the applicable law and finds this case should be remanded to state court for the reasons that follow.

*Legal Principles*

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). If, upon evaluation of the jurisdictional allegations, "subject-matter jurisdiction is uncertain, the Court may *sua sponte* order the parties to show cause as to why the matter should not be dismissed for lack of jurisdiction." *Astrazeneca Pharm. LP v. Apotex Corp.*, Nos. 10-338, 10-339, 10-340, 10-341, 10-342, 10-343, 10-344, 10-345, 10-346, 10-584, 2010

5

WL 5376310, at *15 (D. Del. Dec. 22, 2010) (collecting cases).

There is a presumption against subject matter jurisdiction that must be rebutted by the removing defendant. *See Coury v. Prot,* 85 F.3d 244, 248 (5th Cir. 1996). Removal jurisdiction is strictly construed because its application "deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.,* 128 F.3d 919, 922 (5th Cir. 1997). Any doubts about removal must be construed against removal and in favor of remanding the case back to state court. *See Vasquez v. Alto Bonito Gravel Plant Corp.,* 56 F.3d 689, 694 (5th Cir. 1995).

The party seeking removal has the burden of proving complete diversity exists, meaning that all plaintiffs have a different citizenship from all defendants. *See Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). It is well established that when jurisdiction depends on citizenship, as in this case, "citizenship must be 'distinctly and affirmatively alleged.'" *Getty Oil Corp. v. Insurance Co. of North America,* 841 F.2d 1254, 1259 (5th Cir. 1988), citing *McGovern v. American Airlines, Inc.,* 511 F.2d 653, 654 (5th Cir. 1975); *see also, Illinois Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n. 2 (5th Cir. 1983) (basis of jurisdiction must be alleged distinctly and affirmatively rather than argumentatively or by inference). "Failure adequately to allege the basis for diversity jurisdiction mandates dismissal." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). If the removing party fails to meet that burden, the district court cannot presume federal jurisdiction exists. *Id.*

"If a case involves an unincorporated association, the citizenship of each member must be considered." *Getty Oil Corp.,* 841 F.2d at 1258; *see, Aetna Casualty and Sur. Co. v. Hillman,* 796 F.2d 770, 775 (5th Cir. 1986). In this regard, the citizenship of a limited liability company is that of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

Accordingly, an allegation that a limited liability company is a "Mississippi limited liability company" is insufficient on its own to demonstrate diversity under § 1332. *Cf. Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009) ("The notice of removal ... fail[ed] to provide the information critical to determining [the limited liability company's] citizenship: the citizenship of its members"). Moreover, a corporation is a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). *See Tewari De–Ox Systems, Inc. v. Mountain States/Rosen, Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014). It is not enough to simply say that the citizenship of a corporation is somewhere other than the forum state. *See Harell v. Yokohoma Tire Corp.*, No. 3:08-CV-565-HTW-LRA, 2011 WL 1812785, at *6 (S.D. Miss. May 4, 2011) (statements such as "defendants were and still are foreign insurers who do not have their principal place of business in the states in question" are insufficient to plead citizenship for diversity purposes) (internal quotation marks, alteration, and citation omitted). *See also Getty Oil*, *supra*, 841 F.2d at 1259 (holding allegation that entity as "foreign insurers who do not have their principal place of business in Texas, California, New York, or Delaware" and "is a citizen or subject of England" was insufficient).

*Analysis*

In this case, Clarksdale HMA had the burden of establishing by its allegations in the Notice of Removal the basis for this Court to exercise subject matter jurisdiction. Because Clarksdale HMA purported to remove this case based upon diversity jurisdiction, it was required to not only allege that the requisite jurisdictional amount in controversy had been met but "distinctly and affirmatively allege" the citizenship of all parties. As demonstrated in the background section of this opinion, Clarksdale HMA failed to sufficiently allege the citizenship

of Defendant MS Shelby, a limited liability company. And, though MS Shelby initially consented to the removal of this case, it now seeks to withdraw that consent because it does not consent to the disclosure of information regarding the identities of the members of the entities which comprise its multi-layered structure. As shown above, there now exists a dispute between Clarksdale HMA and MS Shelby over whether this Court should require either disclosure or discovery of information regarding the members that make up MS Shelby's parent company and whether MS Shelby is entitled, in any event, to withdraw its consent to removal. The undersigned is of the opinion that the Court need not address these issues because, as it stands, the Notice of Removal fails to adequately allege this Court has diversity jurisdiction, and the record does not otherwise demonstrate federal jurisdiction.

Not only does the Notice of Removal not identify the citizenship of the members of PAH II, LLC, MS Shelby's "ultimate parent," it fails to properly identify the citizenship of every entity that makes up the layers between MS Shelby and PAH II, LLC. As such, the Defendants are without standing to bring this case in federal court. *See McNutt v. General Motors Acceptance Corporation of Indiana, Inc.*, 298 U.S. 178, 189 (1936) (stating if a party fails to allege in its pleading facts essential to show jurisdiction that party has no standing); *accord Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658, 664 (5th Cir. 1971) (quoting *McNutt*). Nor, does the record otherwise establish the citizenship of each entity that makes up the structure of MS Shelby.

The undersigned agrees with MS Shelby that this case does not present a situation where the jurisdictional allegations of the Notice of Removal, though sufficient, have been challenged. Instead, this is merely a case where the requirements for diversity jurisdiction were not established prior to removal and, therefore, there was never an adequate basis for removal of this

case. Clarksdale HMA was required to ensure the requirements of diversity jurisdiction were met prior to removal of this case. Furthermore, Clarksdale HMA has not, and actually concedes it cannot (without discovery), demonstrate that this case meets the requirements of federal jurisdiction. *See* Clarksdale HMA, LLC's Response To Court Order [12]. Indeed, allowing a defendant–who removes a case and later seeks to establish grounds for that removal by way of discovery–to proceed would undermine the well-established body of law and procedures that are in place for invoking federal jurisdiction.

*Recommendation*

Therefore, it is recommended that this case be remanded to the State Court of Coahoma County for lack of subject matter jurisdiction.

*Procedure for Filing Objections*

The parties are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 20th day of April, 2016.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE