IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ALBERTA NEAL FOR AND ON BEHALF
OF THE ESTATE OF MINNIE WOODS,
DECEASED AND FOR AND ON BEHALF
OF THE WRONGFUL DEATH BENEFICIARIES
OF MINNIE WOODS, DECEASED                                                    PLAINTIFFS

VS.                                          CIVIL ACTION NO.: 4:16-CV-20-MPM-JMV

CLARKSDALE HMA, LLC d/b/a NORTHWEST
MISSISSIPPI REGIONAL MEDICAL CENTER
d/b/a MERIT HEALTH NORTHWEST
MISSISSIPPI, MS SHELBY, LLC d/b/a SHELBY
HEALTH AND REHABILITATION CENTER and
JOHN AND JANE DOES I-X                                                         DEFENDANTS

## ORDER OVERRULING OBJECTION TO REPORT AND RECOMMENDATION AND ADOPTING REPORT AND RECOMMENDATION

On consideration of the file and record of this action, the Court finds that the Report and Recommendation of the United States Magistrate Judge [25], dated April 20, 2016, is due to be adopted.

The Report and Recommendation was served on April 20, 2016, and the parties given fourteen (14) days from entry in which to file any written objections to the findings and recommendations therein contained. L.U. Civ. R. 72 (a)(3). On May 4, 2016, defendant Clarksdale HMA, LLC ("Clarksdale") filed its *Objections to Magistrate's Report and Recommendations* (the "Objection") [26]. On May 11, 2016, fellow defendant MS Shelby, LLC d/b/a Shelby Health and Rehabilitation Center ("MS Shelby") filed a reply in opposition to the Objection (the "Reply") [27]. The Court has considered the Report and Recommendation, the Objection, and the Reply, and finds Clarksdale's objections and arguments unpersuasive.

As succinctly explained in the Report and Recommendation:

> On January 29, 2016, Defendant, Clarksdale HMA, LLC ("Clarksdale HMA") filed a Notice of Removal [1] in this action, indicating the case had been

removed from the Circuit Court of Coahoma County, Mississippi. The Notice of Removal asserted this Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and that it was removed pursuant to 28 U.S.C. §§ 1441 and 1446. The Notice of Removal alleged there is "[c]omplete diversity of citizenship . . . between the Plaintiff and all properly joined and served Defendants."

By Order [3] dated February 1, 2016, the [Magistrate Judge] determined the Notice of Removal did not adequately identify the citizenship of the parties for diversity jurisdiction purposes. Particularly, the Court pointed out that the Notice failed to fully flesh out the citizenship of the members of Defendant MS Shelby, LLC d/b/a Shelby Health and Rehabilitation Center and that from the face of the Notice it does not appear that this Court has subject matter jurisdiction. Defendants were granted 7 days to file a statement outlining the appropriate states of citizenship necessary to establish complete diversity. Defendants were warned that failure to do so would result in dismissal of this case for lack of subject matter jurisdiction.

[25].

Through the course of subsequent briefing on the issue, MS Shelby ultimately revealed to its co-defendants and to the Court that an entity known as PAH II, LLC, a non-party to the litigation but a limited liability company in MS Shelby's ownership structure, would not agree to disclosure of the identities of its individual members based upon concerns that the disclosures would become a "vehicle for improper purpose." *Id*. MS Shelby represented to the Court that PAH II, LLC further asserted that as it is not a public corporation the identities of its members are not required to be exposed. Without any confirmation on the identities of PAH II, LLC members, MS Shelby announced that it was withdrawing its Consent to Removal [1, Ex. B], and requested that the action be dismissed. In response,

> … Clarksdale HMA stated that in light of MS Shelby's new position, it had no way of providing the Court with any additional information regarding diversity of citizenship "without the assistance of a Court order requiring that information or allowing [it] to conduct discovery. . . ." Clarksdale further argued that MS Shelby should not be allowed to withdraw its consent and requested either "an order compelling MS Shelby to identify the individual members of PAH II, LLC, its parent company, and/or allow[] [it, Clarksdale HMA,] to conduct discovery to identify said individuals as such relief would establish that the individual members of PAH II, LLC were citizens of New York. . . ."

[25].

In the Report and Recommendation, U.S. Magistrate Judge Jane Virden found – through a detailed and comprehensive chain of control of the relevant companies and owners – that Clarksdale had failed to sufficiently allege the citizenship of MS Shelby. The Court further found that although there may be a dispute between Clarksdale and MS Shelby about whether the Court should require disclosure of member citizenship, that question need not, and should not, be addressed by the Court. As the Notice of Removal failed to adequately allege the Court had diversity jurisdiction, and the record did not otherwise evidence federal jurisdiction, the Court lacks the requisite jurisdiction to entertain the matter.

In its Objection, Clarksdale disagrees with the Magistrate's conclusion that it has failed to sufficiently prove diversity of citizenship. Namely, Clarksdale contends that MS Shelby's diverse New York citizenship had been demonstrated through various case documents, and that neither it, nor MS Shelby, had withdrawn the supposed affirmative representations establishing diversity. Further, Clarksdale disagrees with the conclusion that MS Shelby's diverse New York citizenship has not been distinctly and affirmatively pled because the record does not contain a by-name identification of every member of MS Shelby's ownership structure. Clarksdale alleges that such specific identification is not actually necessary. By Clarksdale's reading of relevant case law:

> While *Harvey v. Grey Wolf Drilling Co.* instructs that a limited liability company's citizenship is that of its members, it contains no requirement that removal pleadings identify those members by name. *See* 542 F.3d 1077 (5th Cir. 2008). Further, while *Mullins v. TestAmerica, Inc.* ("Mullins II") shows that a limited liability company cannot ultimately prove diversity without identifying its full ownership structure, the case likewise contains no requirement that removal pleadings offer by-name identifications of the companies' ownership structures before jurisdiction can attach. *See* 564 F.3d 386, 397-98 (5th Cir. 2008).

[26].

This Court (and MS Shelby in its Reply) is not convinced by Clarksdale's arguments. First, the Court finds Clarksdale's interpretation of *Harvey* and *Mullins* to be hair-splitting – admitting

3

that a limited liability company's citizenship is that of its members, but contending that there is no express mandate or requirement that the removal pleading identify those members by name. The Court might be more persuaded by this line of argument had Clarksdale presented an alternative, recognized, means of proving diversity without disclosure of individual identity (and therefore individual citizenship). As it stands, however, Clarksdale fails to demonstrate another means by which this Court could determine the limited liability company's citizenship.

More importantly, however, Clarksdale appears to be sidestepping the bigger, threshold issue - this matter, at its core, is simply an instance where the requirements for diversity jurisdiction were not established prior to removal. Therefore, there was never an adequate basis for removal of the case in the first place. The Court agrees wholly with the Magistrate's conclusion that "allowing a defendant – who removes a case and later seeks to establish grounds for that removal by way of discovery – to proceed would undermine the well-established body of law and procedures that are in place for invoking federal jurisdiction." [25].

In consideration of the Report and Recommendation, the Objection, and the Reply, the Court finds that Magistrate Judge Virden was correct in her legal analysis and recommendation that the case be remanded to state court for want of subject matter jurisdiction. Accordingly, it is hereby,

ORDERED that the Objection [26] is OVERRULED. It is further,

ORDERED that the Report and Recommendation [25] of the United States Magistrate Judge is hereby approved and adopted this the 6th day of July, 2016.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**